IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR283 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| KAQUAN AMERSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 25) issued by Magistrate Judge F.A. Gossett recommending that the motion to dismiss (Filing No. 18) filed by the Defendant, Kaquan Amerson, be denied. Amerson filed objections to the Report and Recommendation and a supporting brief (Filing Nos. 28, 29) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## FACTUAL BACKGROUND

In 1996, Congress enacted 18 U.S.C. § 922(g)(9), which states in pertinent part that one "who has been convicted in any court of a misdemeanor crime of domestic violence" may not possess a firearm.

On January 8, 2008, Amerson was charged in the County Court of Douglas County, Nebraska, with misdemeanor domestic assault in the third degree and disturbing the peace. On April 28, 2008, Amerson pleaded guilty to a charge of Attempted Domestic Assault in the Third Degree before the Honorable Lyn White of the Douglas County Court. Amerson was represented by counsel. (Exhibit 2.)

On July 18, 2008, a Nebraska statute took effect that requires a Nebraska court to advise a defendant convicted of a misdemeanor domestic assault at sentencing that the conviction would prevent the lawful possession of a firearm under § 922(g)(9). Neb. Rev. Stat. § 29-2291 (2008).

On July 16, 2008, Amerson was charged in this Court under § 922(g)(9) in a two-count Indictment with: possession of a firearm after having been convicted of a domestic violence offense in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2) (Count I); and forfeiture of the firearm allegedly involved in Count I (Count II). (Filing No. 1.) Amerson seeks the dismissal of the Indictment, arguing: the state court misdemeanor conviction does not satisfy the "use of physical force" element of 18 U.S.C. § 921(a)(33)(A)(ii) in defining a misdemeanor crime of domestic violence;[1] and he did not knowingly and intelligently plead guilty to the underlying misdemeanor offense because he was not advised that his predicate conviction would prohibit him from possessing a firearm under § 922(g)(9).

Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law and a brief Report and Recommendation. (Filing No. 27 ("Tr."), at 10-

---

[1] The definition of misdemeanor domestic violence requires in pertinent part "an element, the use or attempted use of physical force." 18 U.S.C. § 921(a)(33)(A)(ii).

15; Filing No. 28.) Judge Gossett concluded: 1) Amerson knowingly entered his plea to the state court offense; and 2) Amerson's conviction for attempted domestic assault in the third degree satisfies the requirements of 18 U.S.C. § 922(g)(9). Judge Gossett therefore recommended that the motion to dismiss be denied. Amerson objected to the Report and Recommendation.

The Court has considered the transcript of the hearing conducted by Judge Gossett. (Filing No. 20.) The Court also carefully viewed the evidence. (Filing No. 17.) There are no objections to the facts as Judge Gossett stated them. The Court adopts Judge Gossett's factual findings.

## ANALYSIS

Amerson objects to the Report and Recommendation, arguing: Amerson's conviction for attempted domestic assault does not support a conviction under 18 U.S.C. §§ 922(g)(9) and 924(a)(2); and Amerson did not knowingly and intelligently plead no contest to the attempted domestic assault charge because he was not advised that the conviction would prevent him from possessing a firearm under 18 U.S.C. § 922(g)(9).

### *Attempted Domestic Assault; Support a § 922(g)(9) Conviction*

Section 922(g)(9) provides that it is unlawful for a person who has been convicted of a misdemeanor crime of domestic violence to possess a firearm. A crime of domestic violence is defined as having "as an element, the use or attempted use of physical force" by certain persons in a domestic relationship with the victim. 18 U.S.C. § 921(a)(33)(A)(ii). In this case, while the written court record does not clarify whether the element of use or attempted use of physical force was present, the tape of the plea hearing shows that the state court judge accepted Amerson's plea based on a factual basis that included slamming

3

the victim's head into the wall and slapping her.[2] (Tr. at 14.) Certainly, therefore, the element of "use or attempted use of physical force" is satisfied under those facts. *United States v. Howell,* 531 F.3d 621, 622-23 (8th Cir. 2008) (if court records are unclear as to which part of a statute was violated, the facts of the predicate offense may be determined by looking at a plea colloquy and factual findings by the judge to which the defendant assented); *United States v. Huntley,* 2007 WL 778403, at **2-3 (N.D. Iowa 2007) (the defendant's plea in state court to a charge brought under an Iowa statute governing simple misdemeanor assault met the § 921(a)(33)(A)(ii) definition of a misdemeanor crime of domestic violence). *Cf. United States v. Larson,* 13 Fed. Appx. 439, 439-40 (8TH Cir. 2001 (holding that a state misdemeanor assault conviction did not qualify as a predicate offense under § 922(g)(9) where neither court records nor the plea transcript showed whether the offense involved the use of physical force). Moreover, a no contest plea is viewed the same as a typical guilty plea or jury verdict in the context of a predicate conviction. *United States v. McCall,* 507 F.3d 670, 675 n. 4 (8th Cir. 2007) (in the career criminal context, 18 U.S.C. § 924(e)(1) applies to *Alford* pleas the same as any other guilty plea or jury verdict). Therefore, Amerson's objection is denied.

### *Knowing and Intelligent Plea in State Court*

Amerson argues that his plea to the underlying state court offense was not knowing or intelligent because he was not advised that a conviction under the state statute would prevent him from possessing a firearm for purposes of § 922(g)(9). The state statute requiring this advice was not effective at the time of Amerson's plea, and otherwise there

---

[2] Amerson argues that he did not adopt that factual basis. However, he did not object. (Exhibit 1.)

4

is no requirement that Amerson be advised of the consequences of his prior conviction. *United States v. Fountain,* 83 F.3d 946, 950 (8th Cir. 1996).  Therefore the objection is denied.

## CONCLUSION

For the reasons discussed, the Defendant's objections to the Report and Recommendation are overruled, the Report and Recommendation is adopted, and the Defendant's motion to dismiss is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 25) is adopted in its entirety;

b. The Defendant's objections to the Report and Recommendation (Filing No. 28) are overruled; and

3. The Defendant's motion to dismiss (Filing No. 18) is denied.

DATED this 14th day of November, 2008.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge